JOURNAL ENTRY AND OPINION
Appellants, Dennis and Mary Chris Courtad, appeal from the judgment of the Cuyahoga County Court of Common Pleas, which was entered in favor of appellees, Patrick Hergenroeder, M.D. and Patrick Hergenroeder, M.D., Inc.
Mr. Courtad sought treatment from Dr. Hergenroeder for a back injury, a large transligamentous disk herniation at the L-4/L-5 and L-5/S-1 levels. As a result of his back injury, Mr. Courtad suffered from significant pain in his lower back and weakness in his left foot. Dr. Hergenroeder recommended that Mr. Courtad undergo surgery to remove disks and bone fragments from his back. The surgery was performed on April 2, 1998 at St. Vincent Charity Hospital. Following the surgery, Mr. Courtad experienced lower extremity weakness, loss of bowel and bladder control, and loss of sexual function.
On August 20, 1999, appellants filed a complaint for medical negligence against appellees alleging that Dr. Hergenroeder failed to obtain their informed consent with respect to the potential risks of the back surgery performed and that the doctor negligently managed Mr. Courtad's post-operative care. Appellants claimed that as a result of the doctor's failure to administer certain treatment after surgery, Mr. Courtad suffered permanent nerve damage known as partial cauda equina syndrome ("CES").
A jury trial commenced on July 10, 2000. At trial, appellants introduced the expert testimony of Clyde Nash, M.D., an orthopedic surgeon, and John Conomy, M.D., a neurologist. Appellees introduced the expert testimony of Sanford Emery, M.D., an orthopedic surgeon. Dr. Nash testified that Dr. Hergenroeder was negligent in his post-operative care of Mr. Courtad in four ways:
 (1) He failed to administer high dose steroids to reduce the swelling in the spine;
 (2) He failed to perform a detailed sensory and motor exam;
 (3) He delayed ordering magnetic resonance imaging (MRI) studies to determine the cause of the numbness; and
(4) He delayed obtaining a neurology consult.
Dr. Conomy and Dr. Nash testified that Dr. Hergenroeder's negligence proximately caused Mr. Courtad's CES and that the condition was permanent. Dr. Emery testified that injuries such as Mr. Courtad's occur in the absence of negligence due to the type of back injury that Mr. Courtad had sustained.
On July 14, 2000, the jury returned a verdict in favor of appellees. The jury found that Dr. Hergenroeder was negligent because the manner in which he treated Mr. Courtad did not meet the applicable standard of care; however, the jury found that Dr. Hergenroeder's negligence was not the proximate cause of Mr. Courtad's injuries. From the judgment entered upon the jury's verdict, appellant assigns the following errors:
 I. THE JURY'S FINDING THAT PATRICK HERGENROEDER'S NEGLIGENCE WAS NOT A PROXIMATE CAUSE OF PLAINTIFFS' INJURIES WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, THEREFORE THE TRIAL COURT ERRED IN ENTERING A VERDICT IN FAVOR OF THE DEFENDANTS/APPELLEES.
 II. THE CONDUCT OF DEFENSE COUNSEL DURING CLOSING ARGUMENT EXCEEDED THE BOUNDS OF DECENCY, PREJUDICED PLAINTIFF/APPELLANTS AND WARRANTS REVERSAL.
In appellants' first assignment of error, they contend that the jury's verdict is against the manifest weight of the evidence because the jury's finding that Dr. Hergenroeder's negligence was not the proximate cause of Mr. Courtad's injuries is contrary to the evidence on the record. Appellants maintain that the only natural and reasonable inference from the evidence presented was that Dr. Hergenroeder's negligence was the proximate cause of Mr. Courtad's injuries because the doctor failed to exercise due care in the post-operative treatment of Mr. Courtad and now he suffers from CES, a permanent disability.
We cannot conclude that the judgment in this case is against the manifest weight of the evidence. As the Supreme Court of Ohio stated, [j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. MorrisCo. v. Foley Construction Co. (1978), 54 Ohio St.2d 279. An appellate court must not reweigh the evidence or substitute its judgment for that of the trial court, because the trial court is in the best position to "view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273.
In the instant case, appellees presented the expert testimony of Dr. Emery. He testified that nerve injuries such as those sustained by Mr. Courtad can occur in the absence of negligence. Although Mr. Courtad experienced symptoms such as weakness in the extremities, numbness, and decreased sensation in the penis and rectum after his surgery, these new symptoms could be the result of the natural progression of nerve retraction, a consequence of Mr. Courtad's back injury. Because some competent, credible evidence supports the jury's verdict that Dr. Hergenroeder's negligence was not the proximate cause of Mr. Courtad's injuries, we cannot reverse the jury's verdict as being against the manifest weight of the evidence. Appellants' first assignment of error is overruled.
In appellants' second assignment of error, they allege that the manner in which counsel for appellees delivered closing argument prejudiced them so as to warrant a new trial. This court is unable to review this assignment of error because the mannerisms and voice inflections used by appellees' counsel in closing argument are not ascertainable from the transcript of the trial. Pursuant to App.R. 16(A)(7), we cannot review assigned errors that are supported by evidence outside the record. Appellants' second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., AND MICHAEL J. CORRIGAN, J., CONCUR.